E-FILED
Monday, 31 August, 2026 05:58:42 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **REBECKAH HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:26-cv-02281** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM SERVICES LLC,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# COMPLAINT

Plaintiff, Rebeckah Hall ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Amazon.com Services LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), seeking redress for Defendant's sex-based discrimination, pregnancy-based discrimination, and retaliation.

2. This lawsuit arises under the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq.* ("PWFA"), seeking redress for Defendant's pregnancy-based discrimination, failure to accommodate Plaintiff's known pregnancy-related limitations, and retaliation.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking redress for Defendant's interference with Plaintiff's exercise of FMLA rights and retaliation against Plaintiff for requesting FMLA leave.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII, the PWFA, and the FMLA are federal statutes.

5. Venue properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. § 1391(b) because Defendant operates and transacts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to suit under Title VII and the PWFA have occurred or been satisfied.

7. On or about May 22, 2026, Plaintiff filed Charge No. 440-2026-07596 with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A."

8. On or about August 12, 2026, the EEOC issued, and Plaintiff received, a Notice of Right to Sue as to Charge No. 440-2026-07596, attached hereto as Exhibit "B."

9. Plaintiff filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. Plaintiff, Rebeckah Hall, is an individual and resident of Champaign County, Illinois.

11. Defendant, Amazon.com Services LLC, is a business entity with a business address located at 1201 Newton Drive, Champaign, Illinois 61822-1021.

12. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of Title VII, the PWFA, and the FMLA.

13. At all times relevant, Defendant employed at least fifteen (15) employees and was a covered employer under Title VII.

14. At all times relevant to Plaintiff's FMLA claims, Defendant was an employer within the meaning of the FMLA and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

## BACKGROUND FACTS

15. Plaintiff was employed by Defendant as a Warehouse Associate from on or about January 1, 2024, until her unlawful termination on or about May 7, 2026.

16. As a Warehouse Associate, Plaintiff's duties included but were not limited to lifting and moving packages during shifts scheduled for as long as ten hours per day.

17. Plaintiff met the obligations of her job duties.

18. Plaintiff is a female and thus, a member of a protected class based upon her sex.

19. At all times relevant to this Complaint, Plaintiff was pregnant.

20. Defendant knew that Plaintiff was pregnant, that Plaintiff had pregnancy-related limitations, and that Plaintiff would require maternity leave, because Defendant's Disability and Leave Services department corresponded with Plaintiff concerning her pregnancy complications and approved Plaintiff's request for leave under the FMLA.

21. Plaintiff was a qualified employee, in that she was able to perform the essential functions of her position with or without reasonable accommodation.

22. At all times relevant to Plaintiff's FMLA claims, Plaintiff had been employed by Defendant for at least twelve (12) months.

23. During the twelve (12) months preceding Plaintiff's need for leave, Plaintiff worked at least 1,250 hours for Defendant.

24. At the time of the challenged interference, Plaintiff had FMLA leave available under Defendant's applicable twelve-month leave period.

25. Plaintiff suffered from a serious health condition, in that she experienced pregnancy complications requiring continuing treatment by a health care provider.

26. Plaintiff provided Defendant sufficient notice of her need for continuous FMLA leave.

27. On or about December 9, 2025, Plaintiff's health care provider issued a written note stating that Plaintiff was pregnant with an estimated date of delivery of June 18, 2026, that Plaintiff should not lift more than twenty-five pounds throughout her pregnancy, and that Plaintiff should be permitted to drink water regularly throughout her work shift and to take regular restroom breaks.

28. On or about January 30, 2026, another associate alleged that Plaintiff had made comments regarding that associate's pregnancy.

29. Plaintiff did not make the comments attributed to her.

30. On or about February 2, 2026, a complaint concerning the alleged January 30, 2026, incident was raised with Defendant.

31. Defendant did not inform Plaintiff of that complaint or of the allegations against her at that time.

32. On or about March 30, 2026, Plaintiff's health care provider issued a second written note stating that Plaintiff should reduce her shifts from ten hours per day to eight hours per day because of lower back pain, that Plaintiff should not lift more than twenty-five pounds throughout her pregnancy, and that Plaintiff should be permitted to drink water regularly throughout her work shift and to take regular restroom breaks.

33. On or about March 31, 2026, Plaintiff's request for leave under the FMLA was approved for the period March 14, 2026, through June 18, 2026.

34. On or about May 5, 2026, Vee King, a Senior HR Investigator on Defendant's Centralized Investigations Team, messaged Plaintiff that Defendant needed to speak with Plaintiff as part of an active investigation.

35. On or about May 6, 2026, Defendant informed Plaintiff for the first time of the allegations concerning the alleged January 30, 2026, incident.

36. Following that meeting, on or about May 6, 2026, Plaintiff requested continuous leave under the FMLA for the period May 20, 2026, through August 26, 2026.

37. On or about May 7, 2026, Defendant terminated Plaintiff's employment.

38. Defendant stated that Plaintiff's termination was based on the alleged comments.

39. Plaintiff did not receive the leave she requested.

40. On or about May 8, 2026, Defendant updated Plaintiff's Amazon A to Z portal to reflect that Plaintiff was eligible to appeal her termination and to request a hearing.

41. Plaintiff submitted an appeal request through Defendant's Appeal Specialist Team.

42. On or about May 11, 2026, Defendant approved Plaintiff's appeal request.

43. Plaintiff participated in an appeal hearing that same day.

44. During the appeal hearing, Plaintiff stated that the witnesses she had identified had not been contacted.

45. Approximately one hour after the appeal hearing, Defendant informed Plaintiff that her termination was not eligible for appeal.

46. Plaintiff engaged in protected activity by requesting leave for her pregnancy-related limitation.

47. Defendant knew that Plaintiff engaged in protected activity.

48. After Plaintiff engaged in protected activity, Defendant terminated Plaintiff's employment.

49. Defendant terminated Plaintiff's employment because of her sex, her pregnancy, and her use and request for FMLA leave.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

50. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

51. Plaintiff met the obligations of her job duties.

52. Defendant subjected Plaintiff to adverse employment actions, including the termination of her employment.

53. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

55. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Pregnancy-Based Discrimination)**

57. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

58. Plaintiff met the obligations of her job duties.

59. Defendant subjected Plaintiff to adverse employment actions, including the termination of her employment.

60. Plaintiff's pregnancy was a motivating factor in Defendant's adverse employment actions.

61. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her pregnancy in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

62. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

64. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

65. Plaintiff engaged in protected activity under Title VII by requesting leave for her pregnancy-related limitation.

66. Defendant knew that Plaintiff engaged in protected activity.

67. After Plaintiff engaged in protected activity, Defendant subjected her to adverse actions, including the termination of her employment.

68. Plaintiff's protected activity was a but-for cause of Defendant's adverse actions.

69. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-3.

70. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**COUNT IV**
**Violation of the Pregnant Workers Fairness Act**
**(Pregnancy-Based Discrimination)**

72. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

73. Plaintiff was a qualified employee with a known limitation related to pregnancy, childbirth, or a related medical condition.

74. Defendant subjected Plaintiff to adverse actions, including the termination of her employment, because of Plaintiff's known pregnancy-related limitation.

75. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

76. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**COUNT V**
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

78. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

79. Plaintiff requested the reasonable accommodation of leave for a known pregnancy-related limitation.

80. Although Defendant processed Plaintiff's leave requests through its Disability and Leave Services department, Defendant failed to provide the requested reasonable accommodation.

81. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

82. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**COUNT VI**
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

84. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

85. Plaintiff engaged in protected activity by requesting a reasonable accommodation under the PWFA.

86. After Plaintiff requested accommodation, Defendant subjected Plaintiff to adverse actions, including the termination of her employment.

87. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

88. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

89. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**COUNT VII**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

90. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

91. Plaintiff was eligible for FMLA leave and suffered from a serious health condition that entitled her to protected leave.

92. Plaintiff provided Defendant sufficient notice of her need for continuous leave.

93. Defendant denied Plaintiff's protected leave by terminating her before her continuous FMLA started.

94. By virtue of the conduct alleged herein, Defendant interfered with, restrained, or denied Plaintiff's exercise of FMLA rights in violation of 29 U.S.C. § 2615.

95. As a direct and proximate result, Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**COUNT VIII**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

96. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

97. Plaintiff was eligible for FMLA leave and provided Defendant notice of her need for leave.

98. Plaintiff engaged in protected activity by requesting FMLA leave.

99. Defendant knew that Plaintiff requested protected leave.

100. After Plaintiff requested protected leave, Defendant subjected Plaintiff to adverse actions, including the termination of her employment.

101. Plaintiff's request for FMLA leave was a negative factor in Defendant's adverse actions.

102. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff for exercising her FMLA rights in violation of 29 U.S.C. § 2615.

103. Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Backpay and other lost compensation;

b. Payment of interest on all recoverable backpay and other monetary losses;

c. Front pay;

d. Lost employment benefits;

e. Punitive damages to the extent authorized by law;

f. Liquidated damages under the FMLA;

g. Appropriate declaratory and equitable relief;

h. Reasonable attorneys' fees and costs to the extent authorized by law;

i. Prejudgment and post-judgment interest to the extent authorized by law; and

j. Any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 31, 2026.

***/s/ Kelly Dean Pearce, Esq.***
Kelly Dean Pearce, Esq.
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue,
Suite 200,
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575-8188
dpearce@atlaslawcenter.com

yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Counsel for Plaintiff*