E-FILED
Friday, 30 October, 2026 03:55:00 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT
COURT CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| REBECKAH HALL, | |
| Plaintiff, | |
| v. | Case No. 2:26-cv-02281 |
| AMAZON.COM SERVICES LLC, | Judge Colin S. Bruce |
| Defendant. | Mag. Judge Eric I. Long |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Amazon.com Services LLC ("Defendant" or "Amazon"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Rebeckah Hall ("Plaintiff" or "Hall").

**NATURE OF PLAINTIFF'S CLAIMS**[1]

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), seeking redress for Defendant's sex-based discrimination, pregnancy-based discrimination, and retaliation.

**ANSWER:** Amazon admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964. Amazon denies the remaining allegations in Paragraph 1 and specifically denies that it violated Title VII or otherwise engaged in any unlawful conduct.

2. This lawsuit arises under the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq.* ("PWFA"), seeking redress for Defendant's pregnancy-based discrimination, failure to accommodate Plaintiff's known pregnancy-related limitations, and retaliation.

[1] Plaintiff's Complaint contains numerous headings. Amazon does not consider these to be substantive allegations to which a responsive pleading is required. To the extent any heading or subheading is deemed to contain allegations, Amazon denies each and every such allegation. The reproduction of any heading herein is for organizational convenience only and is not an admission of any kind.

**ANSWER:** Amazon admits that Plaintiff purports to assert claims under the Pregnant Workers Fairness Act. Amazon denies the remaining allegations in Paragraph 2 and specifically denies that it violated the PWFA or otherwise engaged in any unlawful conduct.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking redress for Defendant's interference with Plaintiff's exercise of FMLA rights and retaliation against Plaintiff for requesting FMLA leave.

**ANSWER:** Amazon admits that Plaintiff purports to assert claims under the Family and Medical Leave Act. Amazon denies the remaining allegations in Paragraph 3 and specifically denies that it violated the FMLA or otherwise engaged in any unlawful conduct.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII, the PWFA, and the FMLA are federal statutes.

**ANSWER:** Amazon admits this Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, but it denies that such claims are viable. Amazon denies the remaining allegations in Paragraph 4.

5. Venue properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. § 1391(b) because Defendant operates and transacts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Amazon admits that it operates and transacts business within the geographic area encompassed by the United States District Court for the Central District of Illinois, Urbana Division, and that venue in this Court is proper pursuant to 28 U.S.C. § 1391(b). Amazon denies the remaining allegations in Paragraph 5.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to suit under Title VII and the PWFA have occurred or been satisfied.

**ANSWER:** The allegations in Paragraph 6 are vague and ambiguous such that a response is not reasonably required. Further, the allegations in Paragraph 6 constitute conclusions of law to which no response is required.

7. On or about May 22, 2026, Plaintiff filed Charge No. 440-2026-07596 with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A."

**ANSWER:** Amazon admits it received a copy of Charge No. 440-2026-07596 that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), dated May 20, 2026, and which Plaintiff purports to attach to the Complaint as Exhibit A. Amazon lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff filed the Charge with the EEOC and, therefore, denies the allegations.

8. On or about August 12, 2026, the EEOC issued, and Plaintiff received, a Notice of Right to Sue as to Charge No. 440-2026-07596, attached hereto as Exhibit "B."

**ANSWER:** Amazon admits that the EEOC issued a Notice of Right to Sue letter as to Charge No. 440-2026-07596 on August 12, 2026, which Plaintiff purports to attach to her Complaint as Exhibit B. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff received the Notice of Right to Sue letter from the EEOC and, therefore, denies the allegations.

9. Plaintiff filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the date on which Plaintiff received the Notice and whether Plaintiff filed this lawsuit within ninety days of receipt and, therefore, denies the allegations.

## PARTIES

10. Plaintiff, Rebeckah Hall, is an individual and resident of Champaign County, Illinois.

**ANSWER:** Amazon admits that Plaintiff's last known address on file in its personnel records is in Champaign County, Illinois. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies the allegations.

11. Defendant, Amazon.com Services LLC, is a business entity with a business address located at 1201 Newton Drive, Champaign, Illinois 61822-1021.

**ANSWER:** Amazon admits that Amazon.com Services LLC is a limited liability company and that it operates a facility located at 1201 Newton Drive, Champaign, Illinois 61822-1021. Amazon denies any remaining allegations in Paragraph 11.

12. At all times relevant, Plaintiff was an employee and Defendant was an employer within the meaning of Title VII, the PWFA, and the FMLA.

**ANSWER:** Amazon admits the allegations in Paragraph 12.

13. At all times relevant, Defendant employed at least fifteen (15) employees and was a covered employer under Title VII.

**ANSWER:** Amazon admits the allegations in Paragraph 13.

14. At all times relevant to Plaintiff's FMLA claims, Defendant was an employer within the meaning of the FMLA and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

**ANSWER:** Amazon admits the allegations in Paragraph 14.

## BACKGROUND FACTS

15. Plaintiff was employed by Defendant as a Warehouse Associate from on or about January 1, 2024, until her unlawful termination on or about May 7, 2026.

**ANSWER:** Amazon admits that Plaintiff was employed as a Warehouse Associate beginning January 1, 2024, and that her employment was terminated effective May 7, 2026. Amazon denies the remaining allegations in Paragraph 15.

16. As a Warehouse Associate, Plaintiff's duties included but were not limited to lifting and moving packages during shifts scheduled for as long as ten hours per day.

**ANSWER:** Amazon admits that the duties of a Warehouse Associate may include lifting and moving packages, among other duties, and that shifts may be scheduled for up to ten hours per day. Amazon denies the remaining allegations in Paragraph 16.

17. Plaintiff met the obligations of her job duties.

**ANSWER:** Amazon denies the allegations in Paragraph 17.

18. Plaintiff is a female and thus, a member of a protected class based upon her sex.

**ANSWER:** Amazon admits that Plaintiff voluntarily self-identified as female. The remaining allegations in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

19. At all times relevant to this Complaint, Plaintiff was pregnant.

**ANSWER:** Amazon admits that on or about December 23, 2025, Plaintiff reported to the Company that she was pregnant. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies the allegations.

20. Defendant knew that Plaintiff was pregnant, that Plaintiff had pregnancy-related limitations, and that Plaintiff would require maternity leave, because Defendant's Disability and Leave Services department corresponded with Plaintiff concerning her pregnancy complications and approved Plaintiff's request for leave under the FMLA.

**ANSWER:** Amazon admits that its Disability and Leave Services department corresponded with Plaintiff regarding her request for pregnancy-related accommodations and that Plaintiff was approved for intermittent FMLA leave. Amazon denies the remaining allegations in Paragraph 20.

21. Plaintiff was a qualified employee, in that she was able to perform the essential functions of her position with or without reasonable accommodation.

**ANSWER:** The allegations in Paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

22. At all times relevant to Plaintiff's FMLA claims, Plaintiff had been employed by Defendant for at least twelve (12) months.

**ANSWER:** Amazon admits the allegations in Paragraph 22.

23. During the twelve (12) months preceding Plaintiff's need for leave, Plaintiff worked at least 1,250 hours for Defendant.

**ANSWER:** Amazon admits the allegations in Paragraph 23.

24. At the time of the challenged interference, Plaintiff had FMLA leave available under Defendant's applicable twelve-month leave period.

**ANSWER:** Amazon admits that Plaintiff was approved for intermittent FMLA leave related to her pregnancy beginning March 14, 2026, and had not exhausted her FMLA leave entitlement at the time of her termination. Amazon denies the remaining allegations in Paragraph 24, and specifically denies that it violated any statute or otherwise engaged in any unlawful conduct.

25. Plaintiff suffered from a serious health condition, in that she experienced pregnancy complications requiring continuing treatment by a health care provider.

**ANSWER:** Amazon admits that Plaintiff reported she was pregnant and submitted medical documentation related to her pregnancy. Whether Plaintiff suffered from a "serious health condition" constitutes a conclusion of law to which no response is required. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25 related to Plaintiff's medical condition and treatment and, therefore, denies the allegation.

26. Plaintiff provided Defendant sufficient notice of her need for continuous FMLA leave.

**ANSWER:** Paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations.

27. On or about December 9, 2025, Plaintiff's health care provider issued a written note stating that Plaintiff was pregnant with an estimated date of delivery of June 18, 2026, that Plaintiff should not lift more than twenty-five pounds throughout her pregnancy, and that Plaintiff should be permitted to drink water regularly throughout her work shift and to take regular restroom breaks.

**ANSWER:** Amazon admits that Plaintiff submitted a health care provider's note that stated that Plaintiff was pregnant with an estimated delivery date of June 18, 2026, and discussed a lifting restriction. Amazon denies the remaining allegations in Paragraph 27.

28. On or about January 30, 2026, another associate alleged that Plaintiff had made comments regarding that associate's pregnancy.

**ANSWER:** Amazon admits that another associate reported that Plaintiff made discriminatory comments regarding the associate's pregnancy. Amazon denies the remaining allegations in Paragraph 28.

29. Plaintiff did not make the comments attributed to her.

**ANSWER:** Amazon denies the allegations in Paragraph 29.

30. On or about February 2, 2026, a complaint concerning the alleged January 30, 2026, incident was raised with Defendant.

**ANSWER:** Amazon admits that on or about February 2, 2026, an associate submitted a witness statement reporting that, on or about January 29 or 30, 2026, Plaintiff made discriminatory comments regarding the associate's pregnancy.

31. Defendant did not inform Plaintiff of that complaint or of the allegations against her at that time.

**ANSWER:** Amazon admits that it did not immediately inform Plaintiff of the allegations; rather, Amazon informed her of the allegations later during the course of its investigation. Amazon denies the remaining allegations in Paragraph 31.

32. On or about March 30, 2026, Plaintiff's health care provider issued a second written note stating that Plaintiff should reduce her shifts from ten hours per day to eight hours per day because of lower back pain, that Plaintiff should not lift more than twenty-five pounds throughout her pregnancy, and that Plaintiff should be permitted to drink water regularly throughout her work shift and to take regular restroom breaks.

**ANSWER:** Amazon admits that Plaintiff submitted a second health care provider's note, dated March 30, 2026, stating that Plaintiff wished to reduce her shifts from ten hours per

day to eight hours per day because of lower back pain, identifying a lifting restriction, and seeking water and restroom breaks. Amazon denies the remaining allegations in Paragraph 32.

33. On or about March 31, 2026, Plaintiff's request for leave under the FMLA was approved for the period March 14, 2026, through June 18, 2026.

**ANSWER:** Amazon admits that Plaintiff was approved for intermittent FMLA leave for the period March 14, 2026, through June 18, 2026. Amazon denies the remaining allegations in Paragraph 33.

34. On or about May 5, 2026, Vee King, a Senior HR Investigator on Defendant's Centralized Investigations Team, messaged Plaintiff that Defendant needed to speak with Plaintiff as part of an active investigation.

**ANSWER:** Amazon admits that, on or about May 5, 2026, Vee King, a Senior Employee Relations Investigator, contacted Plaintiff to arrange to speak with her as part of an active investigation. Amazon denies the remaining allegations in Paragraph 34.

35. On or about May 6, 2026, Defendant informed Plaintiff for the first time of the allegations concerning the alleged January 30, 2026, incident.

**ANSWER:** Amazon admits that, on or about May 6, 2026, Plaintiff was informed of the allegations and interviewed as the respondent in the investigation. Amazon denies the remaining allegations in Paragraph 35.

36. Following that meeting, on or about May 6, 2026, Plaintiff requested continuous leave under the FMLA for the period May 20, 2026, through August 26, 2026.

**ANSWER:** Amazon admits that on or about May 6, 2026, Plaintiff requested continuous leave for the period of May 20, 2026 through August 26, 2026. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 as to whether Plaintiff submitted the leave request before or after the May 6 meeting and, therefore, denies the allegations.

37. On or about May 7, 2026, Defendant terminated Plaintiff's employment.

**ANSWER:** Amazon admits the allegations in Paragraph 37.

38. Defendant stated that Plaintiff's termination was based on the alleged comments.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated following a substantiated investigation finding that Plaintiff made discriminatory pregnancy-related comments towards another associate, in violation of Amazon's Equal Employment Opportunity Policy. Amazon denies the remaining allegations in Paragraph 38.

39. Plaintiff did not receive the leave she requested.

**ANSWER:** Amazon admits that Plaintiff requested and was approved for intermittent FMLA leave. Amazon further admits that Plaintiff requested continuous leave for the period of May 20, 2026 through August 26, 2026. Amazon denies the remaining allegations in Paragraph 39. Answering further, Amazon states that Plaintiff's request for continuous leave was closed following her termination effective May 7, 2026.

40. On or about May 8, 2026, Defendant updated Plaintiff's Amazon A to Z portal to reflect that Plaintiff was eligible to appeal her termination and to request a hearing.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies the allegations.

41. Plaintiff submitted an appeal request through Defendant's Appeal Specialist Team.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies the allegations.

42. On or about May 11, 2026, Defendant approved Plaintiff's appeal request.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies the allegations.

43. Plaintiff participated in an appeal hearing that same day.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies the allegations.

44. During the appeal hearing, Plaintiff stated that the witnesses she had identified had not been contacted.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies the allegations.

45. Approximately one hour after the appeal hearing, Defendant informed Plaintiff that her termination was not eligible for appeal.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies the allegations.

46. Plaintiff engaged in protected activity by requesting leave for her pregnancy-related limitation.

**ANSWER:** Amazon admits that Plaintiff requested intermittent FMLA leave related to her pregnancy. The remaining allegations in Paragraph 46 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

47. Defendant knew that Plaintiff engaged in protected activity.

**ANSWER:** Amazon admits it was aware that Plaintiff requested intermittent FMLA leave related to her pregnancy. The remaining allegations in Paragraph 47 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

48. After Plaintiff engaged in protected activity, Defendant terminated Plaintiff's employment.

**ANSWER:** Amazon admits that it terminated Plaintiff's employment effective May 7, 2026. Amazon denies the remaining allegations in Paragraph 48.

49. Defendant terminated Plaintiff's employment because of her sex, her pregnancy, and her use and request for FMLA leave.

**ANSWER:** Amazon denies the allegations in Paragraph 49.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

50. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-49 as if fully set forth herein.

51. Plaintiff met the obligations of her job duties.

**ANSWER:** Amazon denies the allegations in Paragraph 51.

52. Defendant subjected Plaintiff to adverse employment actions, including the termination of her employment.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 52.

53. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions.

**ANSWER:** Amazon denies the allegations in Paragraph 53.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

**ANSWER:** Amazon denies the allegations in Paragraph 54.

55. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Amazon denies the allegations in Paragraph 55.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**ANSWER:** Amazon denies the allegations in Paragraph 56.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Pregnancy-Based Discrimination)**

57. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-56 as if fully set forth herein.

58. Plaintiff met the obligations of her job duties.

**ANSWER:** Amazon denies the allegations in Paragraph 58.

59. Defendant subjected Plaintiff to adverse employment actions, including the termination of her employment.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 59.

60. Plaintiff's pregnancy was a motivating factor in Defendant's adverse employment actions.

**ANSWER:** Amazon denies the allegations in Paragraph 60.

61. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff because of her pregnancy in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

**ANSWER:** Amazon denies the allegations in Paragraph 61.

62. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Amazon denies the allegations in Paragraph 62.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**ANSWER:** Amazon denies the allegations in Paragraph 63.

## COUNT III
## Violation of Title VII of the Civil Rights Act of 1964
## (Retaliation)

64. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-63 as if fully set forth herein.

65. Plaintiff engaged in protected activity under Title VII by requesting leave for her pregnancy-related limitation.

**<u>ANSWER:</u>** Amazon admits that Plaintiff requested intermittent FMLA leave related to her pregnancy. The remaining allegations in Paragraph 65 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

66. Defendant knew that Plaintiff engaged in protected activity.

**<u>ANSWER:</u>** Amazon admits it was aware that Plaintiff requested intermittent FMLA leave related to her pregnancy. The remaining allegations in Paragraph 66 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

67. After Plaintiff engaged in protected activity, Defendant subjected her to adverse actions, including the termination of her employment.

**<u>ANSWER:</u>** Amazon admits that Plaintiff's employment was terminated effective May 7, 2026. Amazon denies the remaining allegations in Paragraph 67.

68. Plaintiff's protected activity was a but-for cause of Defendant's adverse actions.

**<u>ANSWER:</u>** Amazon denies the allegations in Paragraph 68.

69. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-3.

**<u>ANSWER:</u>** Amazon denies the allegations in Paragraph 69.

70. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**<u>ANSWER:</u>** Amazon denies the allegations in Paragraph 70.

71. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, income, and benefits.

**<u>ANSWER:</u>** Amazon denies the allegations in Paragraph 71.

## <u>COUNT IV</u>
## Violation of the Pregnant Workers Fairness Act
## (Pregnancy-Based Discrimination)

72. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-71 as if fully set forth herein.

73. Plaintiff was a qualified employee with a known limitation related to pregnancy, childbirth, or a related medical condition.

**ANSWER:** Amazon admits that Plaintiff requested accommodations related to her pregnancy. The remaining allegations in Paragraph 73 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the remaining allegations.

74. Defendant subjected Plaintiff to adverse actions, including the termination of her employment, because of Plaintiff's known pregnancy-related limitation.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 74.

75. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

**ANSWER:** Amazon denies the allegations in Paragraph 75.

76. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Amazon denies the allegations in Paragraph 76.

77. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**ANSWER:** Amazon denies the allegations in Paragraph 77.

## COUNT V
## Violation of the Pregnant Workers Fairness Act
## (Failure to Accommodate)

78. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-77 as if fully set forth herein.

79. Plaintiff requested the reasonable accommodation of leave for a known pregnancy-related limitation.

**ANSWER:** Amazon admits that Plaintiff requested accommodations related to her pregnancy. The remaining allegations in Paragraph 79 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

80. Although Defendant processed Plaintiff's leave requests through its Disability and Leave Services department, Defendant failed to provide the requested reasonable accommodation.

**ANSWER:** Amazon admits that it processed Plaintiff's requests for leave and accommodations through its Disability and Leave Services department and that Plaintiff's requests were approved. Amazon denies the remaining allegations in Paragraph 80.

81. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

**ANSWER:** Amazon denies the allegations in Paragraph 81.

82. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Amazon denies the allegations in Paragraph 82.

83. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**ANSWER:** Amazon denies the allegations in Paragraph 83.

## COUNT VI
## Violation of the Pregnant Workers Fairness Act
## (Retaliation)

84. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-83 as if fully set forth herein.

85. Plaintiff engaged in protected activity by requesting a reasonable accommodation under the PWFA.

**ANSWER:** Amazon admits that Plaintiff requested accommodations related to her pregnancy. The remaining allegations in Paragraph 85 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations in Paragraph 85.

86. After Plaintiff requested accommodation, Defendant subjected Plaintiff to adverse actions, including the termination of her employment.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 86.

87. By virtue of the conduct alleged herein, Defendant violated the PWFA, 42 U.S.C. § 2000gg *et seq.*

**ANSWER:** Amazon denies the allegations in Paragraph 87.

88. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Amazon denies the allegations in Paragraph 88.

89. As a direct and proximate result, Plaintiff suffered loss of employment, income, and benefits.

**ANSWER:** Amazon denies the allegations in Paragraph 89.

**COUNT VII**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

90. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-89 as if fully set forth herein.

91. Plaintiff was eligible for FMLA leave and suffered from a serious health condition that entitled her to protected leave.

**ANSWER:** Amazon admits that Plaintiff was eligible for FMLA leave and was approved for intermittent FMLA leave. The remaining allegations in Paragraph 91 constitute

conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

92. Plaintiff provided Defendant sufficient notice of her need for continuous leave.

**ANSWER:** Amazon admits that Plaintiff provided notice of a need for continuous leave. The remaining allegations in Paragraph 92 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

93. Defendant denied Plaintiff's protected leave by terminating her before her continuous FMLA started.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 93.

94. By virtue of the conduct alleged herein, Defendant interfered with, restrained, or denied Plaintiff's exercise of FMLA rights in violation of 29 U.S.C. § 2615.

**ANSWER:** Amazon denies the allegations in Paragraph 94.

95. As a direct and proximate result, Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**ANSWER:** Amazon denies the allegations in Paragraph 95.

**COUNT VIII**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

96. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

**ANSWER:** Amazon restates and reincorporates its answers to the allegations in Paragraphs 1-95 as if fully set forth herein.

97. Plaintiff was eligible for FMLA leave and provided Defendant notice of her need for leave.

**ANSWER:** Amazon admits that Plaintiff was eligible for FMLA leave and was approved for intermittent FMLA leave. Amazon denies the remaining allegations in Paragraph 97.

98. Plaintiff engaged in protected activity by requesting FMLA leave.

**ANSWER:** Amazon admits that Plaintiff requested and was approved for intermittent FMLA leave. The remaining allegations in Paragraph 98 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

99. Defendant knew that Plaintiff requested protected leave.

**ANSWER:** Amazon admits it was aware that Plaintiff had requested and been approved for intermittent FMLA leave. The remaining allegations in Paragraph 99 constitute conclusions of law to which no response is required. To the extent a response is required, Amazon denies the allegations.

100. After Plaintiff requested protected leave, Defendant subjected Plaintiff to adverse actions, including the termination of her employment.

**ANSWER:** Amazon admits that Plaintiff's employment was terminated. Amazon denies the remaining allegations in Paragraph 100.

101. Plaintiff's request for FMLA leave was a negative factor in Defendant's adverse actions.

**ANSWER:** Amazon denies the allegations in Paragraph 101.

102. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff for exercising her FMLA rights in violation of 29 U.S.C. § 2615.

**ANSWER:** Amazon denies the allegations in Paragraph 102.

103. Plaintiff suffered damages recoverable under 29 U.S.C. § 2617.

**ANSWER:** Amazon denies the allegations in Paragraph 103.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Backpay and other lost compensation;

b. Payment of interest on all recoverable backpay and other monetary losses;

c. Front pay;

d. Lost employment benefits;

e. Punitive damages to the extent authorized by law;

f. Liquidated damages under the FMLA;

g. Appropriate declaratory and equitable relief;

h. Reasonable attorneys' fees and costs to the extent authorized by law;

i. Prejudgment and post-judgment interest to the extent authorized by law; and

j. Any other relief that the Court deems just and proper.

**ANSWER:** Amazon admits that Plaintiff purports to seek the relief set forth in the RELIEF REQUESTED clause following Paragraph 103, but it denies all allegations set forth in each and every subparagraph of that clause, denies that it violated any statute or engaged in any unlawful conduct, and denies that Plaintiff is entitled to any type of remedy, relief, or damages, including the relief requested therein.

## DEMAND FOR JURY TRIAL

**ANSWER:** Amazon admits that Plaintiff purports to demand a trial by jury. Amazon denies that Plaintiff is entitled to a jury trial on any claim or issue for which no right to a jury trial exists and denies that Plaintiff is entitled to relief on any claim.

## GENERAL DENIAL

Amazon denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Amazon asserts the following affirmative defenses without conceding that it bears the burden of proof as to any of them. Amazon reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Amazon exercised reasonable care to prevent and promptly correct any alleged discriminatory conduct, by, among other things, providing regular training to supervisors and managers regarding Amazon's policies against discrimination, harassment and retaliation, making its policies against discrimination, harassment and retaliation accessible to Plaintiff and other employees, encouraging employees to report inappropriate conduct, investigating reports of inappropriate conduct, and taking steps to correct such conduct if it occurs.

3. Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

4. Amazon denies that it was motivated by any impermissible motive in any decision or action concerning Plaintiff, but it affirmatively pleads that it would have made the same decisions or taken the same actions in the absence of any impermissible motive.

5. Amazon denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or caused any damage or injury to Plaintiff. Any unlawful conduct allegedly engaged in by Amazon's employees, supervisory or otherwise, was outside the scope of their employment, contrary to Amazon's policies, and was not ratified, confirmed, or approved by Amazon.

6. Amazon cannot be liable for punitive damages to Plaintiff, including without limitation, because any wrongful conduct that Plaintiff may prove to have suffered was contrary to Amazon's good faith efforts to comply with the law and prevent discrimination, harassment and

retaliation in the workplace, and because Amazon did not act with malice or reckless indifference to Plaintiff's legally protected rights. This includes, without limitation, that Amazon has policies against discrimination, harassment and retaliation.

7. Amazon cannot be liable for punitive damages because it has not engaged in any conduct of a reckless, malicious or egregious nature, including without limitation, because Amazon has policies against discrimination, harassment, and retaliation.

8. An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Amazon's due process and other rights under the United States Constitution, including without limitation, because Amazon has policies against discrimination, harassment, and retaliation.

9. An award of punitive damages is unavailable under the circumstances of this case for some or all of the causes of action Plaintiff alleges, including under the Title VII, the PWFA, and the FMLA.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

12. Plaintiff's claims are barred or diminished to the extent she has failed to minimize or mitigate her damages.

13. Amazon consistently maintained, implemented, and enforced policies in the workplace against discrimination, harassment and retaliation, and otherwise exercised reasonable care to prevent and correct promptly any claims of alleged discrimination, harassment, or retaliation. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities or to avoid harm otherwise.

14. Plaintiff's claims may be barred, in whole or in part, because any damages or losses that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of Plaintiff.

15. To the extent that Plaintiff has received any income from other employment or any other sources, such monies must be offset against any damages allegedly due to Plaintiff from Amazon.

16. To the extent during the course of this litigation Amazon acquires any evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce any right to relief as provided by law.

17. Plaintiff's claims are barred, in whole or in part, because Amazon provided Plaintiff with all leave, accommodations, benefits, rights, and protections required by applicable law.

18. Plaintiff's FMLA claims are barred, in whole or in part, because Amazon did not interfere with, restrain, or deny Plaintiff's exercise of any right protected by the FMLA.

19. Plaintiff's claim for liquidated damages is barred, in whole or in part, because any act or omission alleged to have violated the FMLA was taken in good faith, and Amazon had reasonable grounds for believing that the act or omission was not a violation of the FMLA.

20. Plaintiff's PWFA claim is barred, in whole or in part, because Amazon engaged in the interactive process in good faith.

21. Plaintiff's claims are barred, in whole or in part, because Amazon acted at all times in good faith and with reasonable grounds for believing its actions complied with Title VII, the FMLA, the PWFA, and all other applicable laws.

## CONCLUSION

**WHEREFORE**, Amazon respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Amazon, and award Amazon its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: October 30, 2026

Respectfully Submitted,

AMAZON.COM SERVICES LLC

*/s/ Stephanie L. Sweitzer*

Stephanie L. Sweitzer
Elizabeth Hopkins
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
stephanie.sweitzer@morganlewis.com
elizabeth.hopkins@morganlewis.com

*Attorneys for Defendant Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 30, 2026, the foregoing ***Defendant's Answer and Affirmative Defenses to the Complaint*** was filed electronically with the Clerk of Court using the Court's electronic filing system, which sent notice of such filing to:

Kelly Dean Pearce, Esq.
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Fax (630) 575-8188
dpearce@atlaslawcenter.com
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com

*Counsel for Plaintiff*

/s/ *Stephanie L. Sweitzer*